Per Curiam.
The plaintiff in this action is the husband or former husband of the defendant Goodman. These parties negotiated and signed an agreement of separation, in connection with which they were represented by the defendants j Bierman and Berber as their respective attorneys.
j Although the prayer of the complaint is sufficiently broad to assert a claim for damages against all the defendants based on fraud and deceit, the plaintiff-j appellant states in Ms brief on these, appeals that the action has been brought | solely for cancellation or rescission of the separation agreement and to recover | moneys deposited in escrow with the defendant Bierman pursuant to its terms.
I The deposit was intended for payment to the wife in lieu of alimony upon the entry of a decree in an action for dissolution of the marriage, i The complaint pleads by way of a first cause of action that the agreement ! was procured as a result of fraud and fraudulent representations by the defendants. The gravamen of the second cause of action is the illegality of the agreement in that it was collusively made for the purpose of arranging a divorce or annulment of the plaintiff’s marriage to the defendant Goodman.
' The Special Term correctly ruled that the first cause of action was insufficient in failing to show actionable fraud on the part of the defendants. It upheld the sufficiency of the second cause of action against all the defendants, j The defendant Berber as the wife’s attorney is not a proper or necessary party to an action for rescission of the separation agreement. He is not a party to such agreement, nor named as escrowee of the deposit thereunder. It is not asserted that he claims any lien or interest in the moneys. The complaint should be dismissed in its entirety as to him.
The record fails to disclose that any motion addressed to the complaint was made on behalf of the defendant Bierman. Under such circumstances it was improper for the order of Special Term to provide any relief in his favor,
It also appears that the order appealed from improperly strikes so much of the second cause of action as is a reiteration of the first cause of action, The *1007 first sixteen paragraphs of the complaint realleged in the second cause of action should have been permitted to stand as part thereof.
; There is some discussion in the briefs regarding the alleged entry of a judgment annulling the marriage of the plaintiff to the defendant Goodman and the effect thereof. The record, however, is devoid of any proof concerning the same. On these appeals we do not consider or pass upon any question relating to such decree.
; The order appealed from should be accordingly modified (1) to the extent . of dismissing the complaint as against the defendant Ferber, with $20 costs and disbursements to said defendant, and (2) by striking from its decretal provisions the name “ Samuel Bierman ” and the words “ and so much of the second cause of action which is a reiteration of the first cause of action”, and in all other respects affirmed, without costs as between the plaintiff and the defendant Goodman.